UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO VERNON ESPINOZA,<br><br>   Plaintiff,<br><br>   v.<br><br>KERN COUNTY SHERIFF<br>MACK WIMBISH, et al.,<br><br>   Defendants.<br>_____/ | CASE NO. 1:06-cv-00642-OWW-DLB PC<br><br>ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON COGNIZABLE FAILURE-TO-PROTECT CLAIM AGAINST DEFENDANT BROCKETT WITHIN THIRTY DAYS<br><br>(Doc. 1) |

I.   Screening Order

   A.   Screening Requirement

Plaintiff Armando Vernon Espinoza ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on May 25, 2006.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

B.     Plaintiff's Claims

Plaintiff is currently incarcerated at Pleasant Valley State Prison. The events at issue in this action allegedly occurred while plaintiff was a convicted prisoner housed at the Kern County Jail-Lerdo Pretrial Facility in Bakersfield. Plaintiff names Sheriff Mack Wimbish, Deputy John Menta, Deputy L. Brockett, and an unspecified number of Does as defendants. Plaintiff is seeking money damages, and alleges claims for relief for violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment, and the Eighth Amendment.

Plaintiff's claims in this action arise from two incidents. The first allegedly occurred on May 13, 2004, when plaintiff was attacked with a broomstick by another inmate in a housing unit. Defendant Menta responded to plaintiff's yelling and observed inmate Lopez striking plaintiff with

1  the broomstick. Defendant Menta stepped in front of plaintiff protectively and inmate Lopez then
2  responded to Menta's order to drop the weapon and return to his cell. Plaintiff was escorted to the
3  infirmary.

4        Plaintiff alleges that he was questioned by defendant Menta and another deputy during a time
5  in which he was still dizzy and incoherent from the attack. Plaintiff's responses were documented
6  and later used against him, when a disciplinary report was issued. Plaintiff alleges that defendant
7  Menta falsely stated he did not see inmate Lopez strike plaintiff with a broomstick. Plaintiff alleges
8  defendant Menta told plaintiff Menta did not want to deal with do any more paperwork than
9  necessary and did not want to file a referral to the District Attorney's Office. Plaintiff also alleges
10  that when he inquired, defendant Menta told him that there were no appeal procedures.

11        The second incident occurred on July 20, 2004, when plaintiff was taken to the receiving and
12  release area for a court appearance. Because there was no room in the holding cells, plaintiff was
13  required to enter a general population cell with four inmates who were members of the same street
14  gang as the inmate who assaulted plaintiff on May 13, 2004. Plaintiff protested to the unidentified
15  officer, but was told there was not sufficient room for him to have his own cell.

16        The four inmates then attacked plaintiff with hands, feet, and waistchains they were able to
17  slip off because the chains had not been properly secured. Plaintiff alleges that despite all the
18  commotion and live video feed of the holding cells, the unidentified officers monitoring the video
19  did not attempt to assist plaintiff.

20        When the transport vehicle arrived, an officer noted plaintiff's injuries, which were bleeding.
21  Defendant Brockett was notified and he placed plaintiff in separate cage in the vehicle. Upon arrival
22  at the courthouse, plaintiff was again placed in a holding cell with the same inmates. The inmates
23  indicated plaintiff needed to admit defeat and leave, at which time plaintiff started banging on the
24  cell door. Defendant Brockett responded and told plaintiff to shut up. Plaintiff was then attacked
25  again.

26        Defendant Brockett removed plaintiff from the cell and plaintiff was taken to the Delano
27  Regional Medical Center, where x-rays were ordered. Defendant Brockett refused to remove
28  plaintiff's shackles despite being told by the x-ray technician that the shackles would interfere with

the procedure. Plaintiff alleges that as a result, he had to be x-rayed in a manner "that could have caused or further aggravated injuries already sustained . . . ." (Comp., 11:2-4.)

### 1. Eighth Amendment Failure-to-Protect Claim

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted.) "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "'A person 'subjects' another to the deprivation of a constitutional right, within the meaning of [§] 1983, if [that person] does an affirmative act, participates in another's affirmative acts or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 466 F.3d 676, 689 (9th Cir. 2006) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also be setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

Throughout his complaint, plaintiff alleges that defendants acted negligently. Negligence is insufficient to give rise to a claim for relief under section 1983 for violation of the Eighth Amendment. Farmer v. Brennan, 511 U.S. 825, 835 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." Rhodes v.

Chapman, 452 U.S. 337, 347 (1981).  Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.  Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse.  Hoptowit, 682 F.2d at 1250 (9th Cir. 1982); Farmer v. Brennan, 511 U.S. 825, 833 (1994).  To establish a violation of this duty, the inmate must establish that prison officials were deliberately indifferent to a substantial risk of serious harm to the inmates's safety. Farmer, 511 U.S. at 834.  The deliberate indifference standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer at 834 (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety."  Id. at 837.

Plaintiff's allegations are sufficient to give rise to a claim for relief under section 1983 against defendant Brockett, as the allegations support a claim that after defendant became aware plaintiff had been attacked, he nonetheless forced plaintiff to again be celled with the same inmates, who attacked plaintiff a second time.  Fed. R. Civ. P. 8(a).

### 2. Medical Care Claim

A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'"  Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994).  Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care."  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

///

Plaintiff's allegation that defendant Brockett refused to unshackle him while he was being x-rayed is insufficient to state a claim for violation of the Eighth Amendment. Plaintiff's allegations do not support a claim that defendant Brockett "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health . . . ," Farmer, 511 U.S. at 837, and do not support a claim that defendant's failure to unshackle plaintiff caused any harm at all to plaintiff.

### 3. Due Process Claim

Plaintiff alleges that defendant Menta falsely documented the May 13, 2004, incident, failed to notify plaintiff of his right to appeal, and failed to provide plaintiff with a copy of the disposition of the disciplinary violation.

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Wilkinson v. Austin, 125 S.Ct. 2384, 2393 (2005). The Due Process Clause itself does not confer on inmates a liberty interest in avoiding "more adverse conditions of confinement." Wilkinson, 125 S.Ct. at 2393; Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). Liberty interests created by state law are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300 (1995); Myron v. Terhune, No. 04-15770, 2007 WL 400759, at *1 (9th Cir. Feb. 7, 2007).

Plaintiff has not alleged any facts establishing that he was deprived of a protected liberty interest as a result of defendant Menta's actions. Absent sufficient factual allegations establishing the deprivation of a protected liberty interest, plaintiff's claim that he was denied procedural due process fails as a matter of law.

### 4. Equal Protection Claim

"The Equal Protection Clause . . . is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432 (1985) (citing Plyler v. Doe, 457 U.S. 202, 216 (1982)). "'To state a claim under 42 U.S.C. § 1983 for a violation

6

of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.'" Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001) (quoting Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)). "Intentional discrimination means that a defendant acted at least in part *because of* a plaintiff's protected status." Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (quoting Maynard v. City of San Jose, 37 F.3d 1396, 1404 (9th Cir. 1994)) (emphasis in original).

Although plaintiff alleges that defendants violated his right to equal protection, plaintiff's complaint is devoid of any facts which support a claim under section 1983 for denial of equal protection.

### 5. Supervisory Liability Against Sheriff Wimbish

Plaintiff alleges that Sheriff Wimbish is responsible for the violation of plaintiff's rights by Wimbish's subordinates. Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior. When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

Plaintiff has not alleged any facts linking Sheriff Wimbish to a violation of plaintiff's federal rights. If plaintiff opts to amend his claim against Wimbish, plaintiff is directed to be mindful that

///

Wimbish's position as sheriff, without more, is an insufficient basis upon which to impose liability under section 1983.

### C. Conclusion

The court finds that plaintiff's complaint states a cognizable claim for relief against defendant Brockett for failing to protect plaintiff upon arrival at the courthouse, in violation of the Eighth Amendment. However, the court finds that plaintiff's complaint does not state any other claims upon which relief may be granted under section 1983. The court will provide plaintiff with the opportunity to file an amended complaint, if plaintiff wishes to do so.

If plaintiff does not wish to file an amended complaint and wishes to proceed against defendant Brockett on his Eighth Amendment claim only, plaintiff may so notify the court in writing. The court will then issue Findings and Recommendations recommending that the remaining claims and defendants be dismissed from this action, and will forward plaintiff one summons and one USM-285 form to fill out and return to the court. Upon receipt of these documents, the court will direct the United States Marshal to initiate service of process on defendant Brockett.

In the event that plaintiff does wish to amend his complaint, plaintiff is advised Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

///

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send plaintiff a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, plaintiff must either:

    a. File an amended complaint curing the deficiencies identified by the court in this order, or

    b. Notify the court in writing that he does not wish to file an amended complaint and wishes to proceed only against defendant Brockett on his Eighth Amendment failure-to-protect claim; and

3. If plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated: **February 27, 2007**              **/s/ Dennis L. Beck**
3b142a                                    UNITED STATES MAGISTRATE JUDGE