1

2

3

4

5

6

7

8    IN THE UNITED STATES DISTRICT COURT FOR THE

9    EASTERN DISTRICT OF CALIFORNIA

10

11   ARMANDO VERNON ESPINOZA,        )    1:06-cv-00642-OWW-NEW (DLB)
                                     )    PC
12            Plaintiff,             )
                                     )    **FINDINGS AND RECOMMENDATIONS**
13   vs.                             )    **RECOMMENDING DISMISSAL OF**
                                     )    **ACTION FOR FAILURE TO OBEY A**
14   KERN COUNTY SHERIFF MACK        )    **COURT ORDER**
     WIMBISH, et al.,                )
15                                   )    (Doc. 9)
              Defendants.            )
16   _____)   **OBJECTIONS DUE WITHIN TWENTY**
                                         **DAYS**
17

18        Plaintiff Armando Vernon Espinoza ("plaintiff") is a state

19   prisoner proceeding pro se and in forma pauperis in this civil

20   rights action pursuant to 42 U.S.C. § 1983.  On February 27, 2007,

21   the court issued an order requiring plaintiff to either file an

22   amended complaint curing the deficiencies identified in his

23   complaint or notify the court in writing of his willingness to

24   proceed only on his cognizable Eighth Amendment claim against

25   defendant Brockett, within thirty days.  On June 14, 2007, the

26   court granted plaintiff a second thirty-day extension of time to

27   comply.  The thirty-day period has passed, and plaintiff has failed

28   to comply with or otherwise respond to the court's orders.

1

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case."  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)(dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and, (5) the availability of less drastic

1   alternatives.  <u>Thompson</u>, 782 F.2d at 831; <u>Henderson</u>, 779 F.2d at

2   1423-24; <u>Malone</u>, 833 F.2d at 130; <u>Ferdik</u>, 963 F.2d at 1260-61;

3   <u>Ghazali</u>, 46 F.3d at 53.

4       In the instant case, the court finds that the public's

5   interest in expeditiously resolving this litigation and the court's

6   interest in managing the docket weigh in favor of dismissal.  The

7   third factor, risk of prejudice to defendants, also weighs in favor

8   of dismissal, since a presumption of injury arises from the

9   occurrence of unreasonable delay in prosecuting an action.

10  <u>Anderson v. Air West</u>, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth

11  factor -- public policy favoring disposition of cases on their

12  merits -- is greatly outweighed by the factors in favor of

13  dismissal discussed herein.  Finally, a court's warning to a party

14  that his failure to obey the court's order will result in dismissal

15  satisfies the "consideration of alternatives" requirement.  <u>Ferdik</u>

16  <u>v. Bonzelet</u>, 963 F.2d at 1262; <u>Malone</u>, 833 at 132-33; <u>Henderson</u>,

17  779 F.2d at 1424.  The court's order of February 27, 2007,

18  expressly stated: "If plaintiff fails to comply with this order,

19  this action will be dismissed for failure to obey a court order."

20  Thus, plaintiff had adequate warning that dismissal would result

21  from non-compliance with the court's orders.

22      Accordingly, the court HEREBY RECOMMENDS that this action be

23  DISMISSED, without prejudice, based on plaintiff's failure to obey

24  the court's orders of February 27, 2007 and June 14, 2007.

25      These Findings and Recommendations are submitted to the United

26  States District Judge assigned to the case, pursuant to the

27  provisions of Title 28 U.S.C. § 636(b)(l).  Within **twenty (20) days**

28  after being served with these Findings and Recommendations,

3

plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 24, 2007**                      **/s/ Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE

4